1
2
3
4
5
6
7
8
9
10
11
12
13

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

14  LEONARD HENDERSON,                    CV F   03 5893 OWW LJO P

15                    Plaintiff,

16        v.                             FINDINGS AND RECOMMENDATIONS
                                         REGARDING MOTION TO DISMISS (Doc.
17                                       28.)

C/O MACIAS,
18
                    Defendants.
19  _____/

20  **I. PROCEDURAL HISTORY**

21          Leonard Henderson ("plaintiff") is a state prisoner proceeding pro se and in forma

22  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

23          Pursuant to 28 U.S.C. § 1915A, the Court screened Plaintiff's Complaint filed on June

24  30, 2003, and on August 25, 2003, found that the Complaint appeared to state cognizable

25  retaliation claim against Defendant Macias only but stated no other claims against any other

26  Defendants.   The Court then granted Plaintiff time to filed an Amended Complaint or notify the

27  court of his willingness to proceed on the retaliation claim only against Defendant Macias.

28

1

On September 16, 2003, Plaintiff filed an Amended Complaint.  This time, however, Plaintiff alleged not only that Defendant Macias threatened to confiscate property in retaliation for grievances filed but actually did confiscate Plaintiff's property.  On September 21, 2004, the Court screened the Amended Complaint and found that the Amended Complaint only stated a claim for relief against Defendant Macias for retaliation.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003).   The Court then granted Plaintiff the opportunity to amend the Complaint for a second time and cure the outlined defects or notify the court of his willingness to proceed against Defendant Macias for retaliation only.

On October 25, 2004, Plaintiff notified the court of his willingness to proceed only on the retaliation claim against Defendant Macias.  Thus, on November 17, 2004, the Court issued Findings and Recommendations dismissing those claims against those Defendants not cognizable.  The Court also ordered service of the Amended Complaint on Defendant Macias.

On March 11, 2005, Defendant Macias filed an unenumerated Motion to Dismiss for Plaintiff's alleged failure to exhaust administrative remedies.  Plaintiff filed a pleading denying that his retaliation claim is unexhausted on April 4, 2005.

**II.  MOTION TO DISMISS - EXHAUSTION**

### A. Standard of Review

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435 U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).  "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (citing

1    to <u>Booth</u>, 532 U.S. at 739 n.5).  Exhaustion must occur prior to filing suit.  <u>McKinney v. Carey</u>,

2    311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Plaintiff may not exhaust while the suit is pending.

3    <u>McKinney</u>, 311 F.3d at 1199-1201.

4       The California Department of Corrections has an administrative grievance system for

5    prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, <u>et seq.</u>  "Any inmate or parolee under the

6    department's jurisdiction may appeal any departmental decision, action, condition, or policy

7    which they can reasonably demonstrate as having an adverse effect upon their welfare."  <u>Id</u>. at

8    3084.1(a).  Four levels of appeal are involved, including the informal level, first formal level,

9    second formal level, and third formal level, also known as the "Director's Level."  Cal. Code

10    Regs. tit 15, § 3084.5 (2004).

11       Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

12    defense under which defendants have the burden of raising and proving the absence of

13    exhaustion.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).  Defendants further bear the

14    burden of proving that further administrative remedies are available to Plaintiff.  <u>Brown v.</u>

15    <u>Valoff</u>, – F.3d – , 422 F.3d 926, 2005 WL 2129069, *7 (9th Cir.2005).  The Ninth Circuit has

16    further recognized that a prisoner has exhausted his remedies when he demonstrates that his

17    grievance has been rejected as untimely and he could "go no further in the prison's

18    administrative system; no remedies remained available to him."  <u>Ngo v. Woodford</u>, 403 F.3d

19    620, 625 (9th Cir.2005)

20       The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is

21    subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  <u>Wyatt</u>,

22    315 F.3d at 1119 (<i>citing</i> <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365,

23    368 (9th Cir. 1998) (<i>per curiam</i>)).  In deciding a motion to dismiss for failure to exhaust

24    administrative remedies, the court may look beyond the pleadings and decide disputed issues of

25    fact.  <u>Wyatt</u>, 315 F.3d at 1119-20.  If the court concludes that the prisoner has failed to exhaust

26    administrative remedies, the proper remedy is dismissal without prejudice.  <u>Id</u>.

27    //

28    //

### B. Analysis

In this case, Defendants argue that Plaintiff has not exhausted his administrative remedies because he failed to allege in his grievance that Defendant Macias actually confiscated his property in retaliation for his filing administrative grievances against other Defendants. Defendants provide evidence that Plaintiff pursued an administrative grievance to all necessary levels in grievance number 02-00597. A review of this grievance shows that Plaintiff only alleged that Defendant Macias threatened to retaliate against him by taking his property. As noted by Defendants, Plaintiff did not allege that Defendant Macias actually did confiscate his property as he alleges in the Amended Complaint. However, Plaintiff also alleges in the Amended Complaint that he made several efforts to file an administrative grievance concerning Defendant Macia's confiscation of his property but that his grievances went unanswered. (Amended Complaint at 6-7.) Plaintiff attaches to the Amended Complaint a copy of a Request for Interview directed to Defendant Macias dated July 1, 2002. (Exh. 4, Amended Complaint); an Inmate/Parolee Appeal Form dated July 10, 2002. (Exh. 5, Amended Complaint); a second Inmate Request for Interview directed to the Appeals Coordinator dated July 26, 2002 and indicating that his appeals were not responded to. (Exh. 5, Amended Complaint); an second Inmate/Parolee Appeal form dated August 12, 2002, and indicating that his appeals are not being responded to. (Exh. 6, Amended Complaint); a letter from the Office of the Inspector General dated April 9, 2002, indicating that Plaintiff should pursue his administrative remedies (Exh. 6, Amended Complaint); and finally, a copy of a letter to the Director of Corrections, Appeals Department and Staff dated September 2, 2002, concerning the failure to respond to Plaintiff's appeals. (Exh. 7, Amended Complaint.) Although Defendant acknowledges Plaintiff's efforts to file an appeal and that Plaintiff "failed to get his appeal logged before filing this action," Defendant maintains Plaintiff did not exhaust his administrative remedies because he never got a "Director's Level Decision regarding the actual retaliation and personal property claims against Macias." (Motion to Dismiss at 6.)

The receipt of a Director's Level decision is not always necessary for exhaustion to occur. In some circumstances, the granting of an inmate appeal at a lower level may satisfy the

exhaustion requirement.  See Ross v. County of San Bernalillo, 365 F.3d 1181, 1187 (10th Cir.

2004); Clement v. California Dept. of Corr., 220 F.Supp.2d 1098, 1106 (N.D. Cal. Sept. 9,

2002); Brady v. Attygala, 196 F.Supp.2d 1016, 1019 (C.D. Cal. Apr. 17, 2002); Gomez v.

Winslow, 177 F.Supp.2d 977, 985 (N.D. Cal. Aug. 28, 2001).  In addition, although there are no

Ninth Circuit Court cases on point, other Circuits have addressed the issue of the effect of prison

officials' failure to respond to grievances in a timely manner and held that exhaustion occurs

when prison officials fail to respond to a grievance within the policy time limits.  Boyd v.

Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are

exhausted when prison officials fail to timely respond to properly filed grievance); Jernigan v.

Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the

policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th

Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and

exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not

err when it declined to dismiss claim for failure to exhaust where prison failed to respond to

grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been

filed and the state's time for responding has expired, the remedies are deemed exhausted);

Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response

has expired, the remedies are exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir.

2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an

available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance

procedure not available where prison officials told prisoner to wait for termination of

investigation before filing formal grievance and then never informed prisoner of termination of

investigation); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials

prevent a prisoner from utilizing is not an available remedy).  In joining the Eighth and Fifth

Circuits with respect to this issue, the Seventh Circuit Court stated that it "refuse[d] to interpret

the PLRA 'so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement

through indefinite delay in responding to the grievances.'"  Lewis v. Washington, 300 F.3d 829,

833 (7th Cir. 2002) (citing Goodman v. Carter, No. 2000 C 948, 2001 WL 755137, at *3

1  (N.D.Ill. July 2, 2001)).  Defendant does not address the impact of the prisons failure to respond

2  to Plaintiff's inmate requests nor does he indicate what administrative remedies remain available

3  to Plaintiff or what Plaintiff could have done under the circumstances to exhaust his

4  administrative remedies.  The Court recognizes that the instant Motion to Dismiss was filed early

5  in 2005 and thus, Defendant did not have the benefit of recent Ninth Circuit law.

6        In Ngo v.Woodford, 403 F.3d 620, 625 (9th Cir.2005), the Court recognized that a

7  prisoner satisfied the exhaustion requirement by showing his grievance had been rejected as

8  untimely because he "could go no further in the prison's administrative system; no remedies

9  remained available to him." Ngo v.Woodford, 403 F.3d 620, 625 (9th Cir.2005).

10        In Brown v. Valoff, – F.3d – , 422 F.3d 926, 2005 WL 2129069, *7 (9th Cir.2005), the

11  Court held that in proving that a Plaintiff has failed to exhaust his administrative remedies

12  Defendant's must show that further administrative remedies remain "available" to the Plaintiff.

13  Brown v. Valoff, – F.3d – , 422 F.3d 926, 2005 WL 2129069, *7 (9th Cir.2005).   "[T]here can

14  be no 'absence of exhaustion' unless *some* relief remains available . . ." Id. *citing* Brown v.

15  Croak, 312 F.3d 109, 112 (3rd Cir. 2002).

16  **III.  CONCLUSION AND RECOMMENDATION**

17        As Defendants have failed to meet their burden in showing what remedies remain

18  available to Plaintiff, Defendant has failed to meet his burden in proving that Plaintiff has not

19  exhausted his administrative remedies.  Accordingly, the Court RECOMMENDS that the Motion

20  to Dismiss be DENIED without prejudice to a renewal of a Motion curing the defects outlined

21  above within thirty (30) days of the District Court's disposition of this Motion.

22        The Court HEREBY ORDERS that these Findings and Recommendations be submitted

23  to the United States District Court Judge assigned to this action pursuant to the provisions of 28

24  U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States

25  District Court, Eastern District of California.  Within THIRTY (30) days after being served with

26  a copy of these Findings and Recommendations, any party may file written Objections with the

27  Court and serve a copy on all parties.  Such a document should be captioned "Objections to

28  Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served

1   and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the

2   Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

3   § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time

4   may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

5   (9th Cir. 1991).

6   IT IS SO ORDERED.

7   **Dated:    October 20, 2005               /s/ Lawrence J. O'Neill**
    b9ed48                                   UNITED STATES MAGISTRATE JUDGE