# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD HENDERSON, | CV F   03 5893 OWW LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING RENEWED MOTION TO DISMISS (Doc. 40.) |
| C/O MACIAS, | |
| Defendants. | |

**I. PROCEDURAL HISTORY**

Leonard Henderson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 21, 2005, this Court issued Findings and Recommendations that Defendant's Motion to Dismiss be denied without prejudice and that Defendants be granted thirty days after the disposition of the Motion by the District Court to file the renewed Motion. A renewed Motion to Dismiss was filed on February 23, 2006, and is currently pending before the Court. Plaintiff did not oppose the Motion.

**II. EXHAUSTION REQUIREMENT**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

1

respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (*citing* to Booth, 532 U.S. at 739 n.5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants further bear the burden of proving that further administrative remedies are available to Plaintiff. Brown v. Valoff, – F.3d – , 422 F.3d 926, 2005 WL 2129069, *7 (9th Cir.2005). The Ninth Circuit has further recognized that a prisoner has exhausted his remedies when he demonstrates that his grievance has been rejected as untimely and he could "go no further in the prison's administrative system; no remedies remained available to him." Ngo v. Woodford, 403 F.3d 620, 625 (9th Cir.2005)

1    The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is
2 subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt,
3 315 F.3d at 1119 (*citing* Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365,
4 368 (9th Cir. 1998) (*per curiam*)).  In deciding a motion to dismiss for failure to exhaust
5 administrative remedies, the court may look beyond the pleadings and decide disputed issues of
6 fact. Wyatt, 315 F.3d at 1119-20.  If the court concludes that the prisoner has failed to exhaust
7 administrative remedies, the proper remedy is dismissal without prejudice. Id.
8 **III. DISCUSSION**
9    Defendant Macias argues that Plaintiff has not exhausted his administrative remedies
10 because he failed to grieve the allegation that Defendant Macias confiscated his property in June
11 2002, in retaliation for his filing administrative grievances against other Defendants.  Defendant
12 provides evidence that although Plaintiff pursued an administrative grievance to all necessary
13 levels in grievance number 02-00597, this grievance only concerned Plaintiff's allegation that
14 Defendant Macias *threatened* to retaliate against him by taking his property.  As noted by
15 Defendants, Plaintiff did not allege that Defendant Macias actually did confiscate his property as
16 he alleges in the Amended Complaint.  Defendants provide several declarations from various
17 individuals who would have handled Plaintiff's administrative appeals in support of the Motion
18 to Dismiss.
19    The California Code of Regulations provides that an inmate must first attempt to resolve
20 his grievance with the officer involved. Cal.Code Regs. Tit. 15, § 3084.5(a).  Defendant Macias
21 provides a declaration in which he states that he recalls only one interaction with the Plaintiff that
22 took place on March 8, 2002, and concerned the water being turned off in Plaintiff's cell. (Exh.
23 A [Macia's Decl.], Motion to Dismiss ["Motion"].)  Further, Defendant notes that the document
24 attached to the Amended Complaint at the informal level does not indicate that it was ever
25 received by Defendant.  (Exh. 4, Amended Compl.)  Finally, the exhibit provided by Plaintiff
26 shows Plaintiff was housed in Building 23 on July 1, 2002, when the appeal is dated, however,
27 Defendant Macias had not been assigned to that building since May 20, 2002.  (Macia's Decl.,
28 Motion.)  Defendant Macias declares that he has no recollection of ever receiving the informal

appeals from Plaintiff and is unable to locate these documents after searching his records. Id.

Plaintiff is also required to appeal to the first level of the grievance system by submitting his 602 appeal to the Pleasant Valley State Prison ("PVSP") Appeals Coordinator. Cal.Code Regs. Tit. 15, § 3084.5(b). N.E. Villa is the Appeals Coordinator at PVSP and was responsible for screening inmate appeals for the compliance with regulations, processing and maintaining records of grievances accepted for processing. (Exh. B ["Villa Decl."], Motion.) Mr. Villa states that all inmate appeals are input into the system for tracking purposes and thus, even those appeals that are screened out, would have been recorded. Id. However, following a search of the system, Mr. Villa was unable to find any evidence that he received the first level appeal attached to Plaintiff's Amended Complaint. Id. at 3. Further, Mr. Villa's policy regarding inmate requests for interviews is to keep a copy of the request in the inmate's appeal file. Id. A search was conducted of Plaintiff's appeal file and no copies of the requests for interviews attached to Plaintiff's Amended Complaint were found. Id.

Defendant also provides evidence that no appeal at the second level was ever filed by Plaintiff. The California Code of Regulations provide that the second formal level appeal begins with the submission of the 602 to the PVSP Warden's Office. Cal. Code Regs tit.15 §§ 3084.5(c) & (e)(1). Paul Sanchez, the litigation coordinator at PVSP was employed as the Warden's Assistant during the time period relevant to Plaintiff's Complaint and the alleged submission of the administrative appeals. Mr. Sanchez is familiar with the record-keeping practices at the Warden's Office and searched the Warden's Office records, including archived files, but found no copies of the documents attached to Plaintiff's Amended Complaint. Mr. Sanchez submitted a declaration to this effect. (Exh. C ["Sanchez Decl."], Motion.) According to Mr. Sanchez, had Plaintiff submitted these documents to the Warden's office, there would have been some record that the documents were received or forwarded to the Appeals Office had that been the case. Id. Mr. Villa also requested a search of the Appeals Office, but no evidence that the documents were received from the Warden or Plaintiff were found. (Villa Decl., ¶ 6.)

At the Director's Level, an inmate would submit his 602 appeal directly to the CDCR's Inmate Appeals Branch. Cal. Code Regs tit. 15, §§ 3084.5(d) & (e)(2.). N. Grannis, Chief of the

Inmate Appeals Branch, indicates that there is no record that Plaintiff ever submitted a copy of Exhibit 7 to the Inmate Appeals Branch.  (Exh. D ["Grannis Decl."], Motion.)

The Court finds that Defendant has met his burden of showing that Plaintiff failed to exhaust his administrative remedies prior to initiating this action.   Despite having produced documents that were purportedly submitted to numerous individuals up the chain of the inmate appeals process, Plaintiff presents no evidence to dispute Defendant's assertion that Plaintiff did not exhaust his administrative remedies.  Further, the Court finds the existence of the inmate appeals somewhat suspect given Plaintiff's ability to successfully appeal  a related claim just prior to when he allegedly initiated the appeals concerning Defendant Macia's retaliatory actions.  The Court also notes important omissions and discrepancies the content of the inmate appeals that allow one to question the authenticity of the documents.  For example, the inmate request for interview allege that Defendant Macias took property out of Plaintiff's cell in June of 2002 but does not provide a specific date.  (Exh. 4, Amended Compl..)  Plaintiff was able to recall several dates in the related appeal concerning incidents which lead to the events at issue in this case and against this Defendant.  The inmate request for an interview dated July 1, 2002, only a few weeks or less after the incident with Defendant Macias would have taken place. Id.

In Plaintiff's first formal appeal, he states that he sent Defendant Macias a Request for an Interview the third week of June of 2002 and got no response but the Request for an Interview is actually dated July 1, 2002.  (Exhs. 4, 5, Amended Compl..)  Plaintiff's Declaration provides that he sent the request for interview to Defendant Macias the *second* week of June 2002.  (Plaintiff's Decl. to Amended Compl..)  Again, the Request for Interview is dated July 1, 2002.  (Exh. 4, Amended Compl..)

Plaintiff alleges in his Complaint that some of the property confiscated by Defendant Macias were inmate appeals.  However, Plaintiff had in his possession to attach to the Amended Complaint inmate appeals that issued prior to the date when the alleged confiscation took place.  (Exhs. 1, 2, 3, 6 pg. 2 [letter from Inspector General dated April 9, 2002], Amended Compl..)

Finally, although Plaintiff produces a number of administrative appeals that purport to grieve the actual confiscation of property by Defendant Macias, no log number was assigned to

any of the five (5) inmate appeals alleged submitted by Plaintiff. (Exhibits 4-7, Amended Compl..)

Notwithstanding the above, Plaintiff has filed no Opposition to the Motion to Dismiss and thus, presents no contradictory evidence regarding his efforts to appeal. Accordingly, based on the above, the Court finds that Defendants have met their burden of showing that Plaintiff has failed to exhaust his administrative remedies with respect to his retaliation claim against Defendant Macias.

**IV. RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Motion to Dismiss the action for Plaintiff's failure to exhaust administrative remedies be GRANTED and the action DISMISSED.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 3, 2006**          /s/ Lawrence J. O'Neill
b9ed48                                UNITED STATES MAGISTRATE JUDGE